| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |  |
| CERTAIN UNDERWRITERS AT LLYODS, LONDON, et al.,<br><br>        Plaintiffs,<br><br>-against-<br><br>MENDOZA, et al.,<br><br>        Defendants. | 20-CV-2939 (AT) (BCM)<br><br>**ORDER SCHEDULING SETTLEMENT CONFERENCE** |

**BARBARA MOSES, United States Magistrate Judge.**

A settlement conference is scheduled before Magistrate Judge Barbara Moses on **June 10, 2021 from 10:00 a.m. to 1:00 p.m. (EDT).**

> **THE PARTIES ARE DIRECTED TO READ THIS ENTIRE ORDER CAREFULLY. FAILURE TO COMPLY WITH PRE-CONFERENCE RESPONSIBILITIES MAY RESULT IN SANCTIONS.**

    1.    <u>Attendance of Parties, Trial Counsel, and Carriers Required</u>. **Each party must attend the settlement conference, together with that party's lead trial attorney, via videoconference (*see* ¶ 6 below).** Counsel must be fully knowledgeable concerning the facts of the case, relevant law, and the progress of the case to date, including settlement discussions.

        a.    If a party is a corporation, union, or other non-natural person, it must attend the conference through a decision-maker with knowledge of the case and responsibility for determining the amount of any ultimate settlement; that is, a person who decides what settlement authority to give to counsel, not a person who has received, or must seek, authority from someone else within the organization.

        b.    If liability insurance is involved, each relevant carrier must also attend the conference through a decision-maker with knowledge of the case and responsibility for determining the amount of the ultimate settlement (or the carrier's portion thereof).

c. If a party fails to attend the settlement conference with all of the required persons, that party may be required to reimburse the other parties for their time and travel expenses or face other sanctions.

2. <u>Pre-Conference Settlement Discussion Required</u>. The purpose of a Court-facilitated settlement conference is to settle the case – not simply to begin a settlement dialog. The Court normally holds only one settlement conference per case. **The Court therefore requires that, promptly after receipt of this Order, the parties conduct at least one good-faith settlement discussion, in person or by telephone, and that each party convey to each opposing party at least one good-faith settlement demand or offer, in advance of the deadline, set forth below, for submitting confidential settlement letters**. **Past settlement negotiations may not be relied upon to satisfy this requirement**. Counsel should continue such discussions among themselves prior to the conference so as to clarify issues, narrow disputes, and otherwise make the conference as efficient and meaningful as possible.

3. <u>Confidential Settlement Letter</u>. No later than one week (seven calendar days) before the conference, each party shall submit a confidential settlement letter to chambers by email, addressed to Moses_NYSDChambers@nysd.uscourts.gov, marked "Confidential Material for Use Only at Settlement Conference." **Do not file the confidential settlement letter on ECF. Do not send copies to adverse parties unless all parties have agreed to exchange their letters.** Settlement letters are limited to six pages, not including any exhibits, which are permitted but should be kept to a minimum. Each letter should contain:

a. A summary of the relevant facts and law, focusing on the issues most pertinent to settlement. For example, if liability depends on an uncertain legal issue, the parties' letters should identify that issue and any key case law or statutes. Conversely, if liability is not seriously contested, the letters should focus on damages or other remedies.

b. A candid assessment of the strengths and weaknesses of the case, including affirmative defenses, together with counsel's realistic assessment of its settlement value or range. If there are any extra-legal impediments to settlement, note them here.

c. A brief description of settlement negotiations to date, including the date and time of the parties' last good-faith settlement discussion and the terms of each party's most recent demand or offer.

d. Any other information likely to be helpful to the settlement process.

4. Acknowledgment Form. On the same date that the confidential settlement letters are due, each party shall submit the attached Acknowledgment Form to chambers by email, **and serve it on all other parties**, identifying the individuals who will attend the settlement conference. **Do not file the Acknowledgment Form on ECF**.

5. Conduct of the Conference. All proceedings at the settlement conference will be confidential. Discussions are "off the record," and may not be used in discovery or at trial. The Court will function as a mediator. Efficient use of this process requires that parties and counsel be prepared for the conference and candid with the Court. At the outset of the conference each party may make a brief presentation in the presence of all parties and counsel. Since the purpose of the conference is to facilitate settlement – not to try the case – presenters are requested to address their remarks directly to the opposing party and to focus on the issues most relevant to settlement. Following the initial joint session, the Court will work separately with each side in private. During these sessions the Court may address questions directly to the parties (in the presence of their counsel) and will expect candid responses. In addition, all parties should be prepared to disclose their legal fees and costs to date and their estimates of fees and costs

through judgment. Additional joint sessions may be convened if likely to advance the goal of settlement.

**6.  Remote Attendance Required Due to Coronavirus Risk. For the duration of the COVID-19 public health emergency, and unless otherwise ordered by the Court, all attendees must participate in the settlement conference remotely, using the Court's videoconferencing technology (Microsoft Teams) or (with the prior approval of the Court) such alternative videoconferencing technology as the parties agree upon and arrange. If the Court's technology is used, the Court will provide the link and further instructions in an email to counsel closer to the date of the conference.**

7.  Requests to Reschedule the Conference or Modify these Procedures. Requests to reschedule the settlement conference, or to modify the page limits, attendance requirements, or other provisions of this Order, must be made by letter-motion, filed via ECF in accordance with the Individual Practices of Judge Moses, as soon as the need for the adjournment or modification arises and in any event at least one week (seven calendar days) before the scheduled conference. Requests for adjournment must include two proposed dates, acceptable to all parties and counsel, for the rescheduled conference. Before proposing dates, counsel are advised to call chambers to determine the Court's availability. Requests to modify the attendance requirements will be granted only on a showing of significant hardship. If the parties settle the case prior to the scheduled conference, they must promptly so inform the Court by letter, filed via ECF, stating whether the settlement requires Court approval and, if not, how much time the parties require to submit a stipulation of dismissal to the district judge.

8. <u>No Effect on Other Deadlines</u>. Neither the scheduling of a settlement conference nor any adjournment affects the parties' other litigation deadlines or obligations.

Dated: New York, New York
       May 12, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

# ACKNOWLEDGMENT FORM-SETTLEMENT CONFERENCE

Counsel of record for each party must complete and sign this form and email it to the Court at Moses_NYSDChambers@nysd.uscourts.gov, with copies sent simultaneously to all other parties, no later than one week (seven calendar days) before the parties' scheduled settlement conference.

**Name of Case:** _____

**Docket No.:** _____ **Date of Sett. Conference:** _____

**Name of Party Submitting this Form**: _____ ☐ Pltf. ☐ Def.

1. Acknowledgment by Counsel. I am lead trial counsel for the party listed above. I will attend the settlement conference in this action via teleconference, as will my client (if the client is a natural person), or by a client representative (if the client is a non-natural person) who is a decision-maker with knowledge of the case and responsibility for determining the amount of any ultimate settlement. I will arrange for a translator if my client requires that service. I further acknowledge that if insurance carrier approval, consent, or funding is required for my client to settle this action, a representative of each relevant carrier, who is a decision-maker with knowledge of the case and responsibility for determining the amount of any ultimate settlement (or the carrier's portion thereof) must also attend the conference.

2. Client Attendance.[*] Check one box:
☐ My client is a natural person and will attend the settlement conference via teleconference.
☐ My client is a corporation, union, agency or other non-natural person. The following individual will attend the settlement conference via teleconference as a representative of my client:

Name: _____

Title: _____

3. Carrier Attendance.[*] Check one box:
☐ No insurance carrier approval is required for my client to settle this case.
☐ The following individual will attend the settlement conference via teleconference as a representative of the following insurance carrier:

Name: _____

Title/Name of Carrier: _____

_____     _____
Date                                Signature of Lead Trial Counsel

                                   _____
                                   Print Name of Lead Trial Counsel

---

[*] If you represent more than one party or require approval from more than one carrier you must submit attendance information for all clients and carriers.